IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**INTEGRITY TRUCK SALES, INC.,**

    **Plaintiff,**

    v.

**JABER LEASING, LLC,**

    **Defendant.**

Case No. 22-CV-2337-JAR-GEB

### MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Jaber Leasing, LLC's Motion to Transfer (Doc. 19) this action to the United States District Court for the Western District of Texas pursuant to 28 U.S.C. § 1404(a). Defendant also requests oral argument. After considering the parties' submissions, the Court finds that oral argument would not materially inform its decision, and thus denies Defendant's request. The matter is fully briefed, and the Court is prepared to rule.[1] For the reasons explained below, the Court denies Defendant's motion to transfer.

### I. Factual and Procedural Background

Plaintiff Integrity Truck Sales, Inc. alleges the relevant facts as follows. Plaintiff is incorporated in Kansas and maintains its principal place of business in Leawood, Kansas. Defendant Jaber Leasing is a Limited Liability Company organized and existing under the laws of Texas, with its principal place of business in El Paso, Texas. The parties entered into a Bill of Sale (the "Agreement") to purchase 59 heavy-duty trucks for $2,972,000, to be performed in

---

[1] Defendant did not file a reply brief and the time to do so has expired. *See* D. Kan. R. 6.1(d) (providing replies to motions to dismiss must be filed within 14 days after the response is served).

whole or in part within the State of Kansas. Pursuant to the Agreement, Plaintiff paid a deposit to Defendant in the amount of $239,000, which Defendant has not refunded. Plaintiff alleges that Defendant ultimately breached the Agreement in several ways, including by failing to bring the trucks into a condition agreed upon by the parties. Defendant's default caused Plaintiff to sustain a loss in excess of $75,000.00, including loss of the deposit.

Plaintiff filed suit in the District Court of Johnson County, Kansas, alleging claims for breach of contract and unjust enrichment. Defendant removed the case to this Court, then moved to transfer this action to the Western District of Texas under 28 U.S.C. § 1404(a). In support, Defendant provides the Affidavit of its owner and registered agent, Rami Abdeljaber.[2] Plaintiff objects to the transfer of this case and provides the Affidavit of its President, Kirk Gordon.[3]

## II.   Analysis

### A.   Legal Standard

The purpose of § 1404(a) "is to permit easy change of venue within a unified federal judicial system."[4] The statute provides that, "[f]or the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]"[5] A defendant who has removed an action from state court "can seek a transfer under § 1404(a)" if "the case can be better litigated and tried in another division or district."[6]

---

[2] Doc. 19-1.

[3] Doc. 29-2.

[4] *Hill's Pet Prods. v. A.S.U., Inc.*, 808 F. Supp. 774, 776 (D. Kan. 1992) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981)).

[5] 28 U.S.C. § 1404(a).

[6] *Hollis v. Fla. State Univ.*, 259 F.3d 1295, 1300 (11th Cir. 2001).

"The district court has broad discretion under § 1404(a) to adjudicate motions to transfer based on a case-by-case review of convenience and fairness."[7] The Tenth Circuit instructs district courts to consider the following discretionary factors when determining whether to transfer a case:

> [P]laintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and all other considerations of a practical nature that make a trial easy, expeditious and economical.[8]

The party moving to transfer a case bears the burden to show that transfer is appropriate under § 1404(a).[9] The movant must also "demonstrate that the balance of factors 'strongly favors' a transfer of venue under § 1404(a)."[10] "Merely shifting the inconvenience from one side to the other, however, obviously is not a permissible justification for a change of venue."[11]

**B.   Analysis**

Pursuant to § 1404(a), a court has the discretion to transfer a case if: (1) the transferee court is one where plaintiff could have filed suit originally, and (2) the convenience of the parties

---

[7] *Key Constr., Inc. v. W. Surety Co.*, No. 22-1247-DDC, 2023 WL 2187291, at *4 (D. Kan. Feb. 23, 2023) (citing *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991)).

[8] *Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010) (quoting *Chrysler Credit Corp.*, 928 F.2d at 1516 (internal quotation marks omitted)).

[9] Id.

[10] *Id.* at 1167 n.13.

[11] *Id.* at 1167 (quoting *Scheidt v. Klein*, 956 F.2d 963, 966 (10th Cir. 1992)).

and witnesses and the interest of justice favor transfer.[12] The Court concludes that the first prong is satisfied, but the second prong is not.

### 1. Suit could have been filed in transferee court

The putative transferee court, the Western District of Texas, is one where Plaintiff could have filed suit originally. A transferee district qualifies under § 1404(a) as one "where [the action] might have been brought" if, when the suit was commenced, "plaintiff ha[d] a right to sue in that district, independently of the wishes of defendant[.]"[13] "The 'where it might have been brought' language . . . incorporates the requirements of jurisdiction and proper venue."[14] Thus, "§ 1404(a) does not allow a court to transfer a suit to a district which lacks personal jurisdiction over the defendants, even if they consent to suit there."[15] Here, the transferee district satisfies both venue and personal jurisdiction requirements.

> In a diversity action, venue lies in "(1) a judicial district where any defendant resides, . . . (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise by brought."[16]

Because Defendant is both headquartered and organized in Texas, both personal jurisdiction and venue are plausible.

---

[12] 28 U.S.C. § 1404(a).

[13] *Hoffman v. Blaski*, 363 U.S 335, 344 (1960) (quotation marks and citation omitted).

[14] *Mid Kan. Fed. Sav. & Loan Ass'n of Wichita ex rel. Resol. Tr. Corp. v. Orpheum Theater Co.*, 810 F. Supp. 1184, 1188–89 (D. Kan. 1992) (citing *Hoffman*, 363 U.S. at 342–44).

[15] *Chrysler Credit Corp.*, 928 F.2d at 1515.

[16] *Bartile*, 618 F.3d at 1165 (quoting 28 U.S.C. § 1391(a)(1)–(3)).

### 2. Balance of factors does not favor transfer

Of the nine factors outlined above, Defendant analyzes four to support its burden of demonstrating that the facts here strongly favor transfer of venue. As discussed below, the Court concludes they do not.

#### a. Plaintiff's Choice of Forum

Plaintiff has chosen Kansas as the forum for its action against Defendant. A plaintiff's choice of forum is rarely disturbed.[17] The choice, however, is not absolute and courts "accord little weight to a plaintiff's choice of forum where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum."[18]

In Defendant's view, the only material relation of this claim to Kansas is Plaintiff's residency, as the Agreement was drafted, negotiated, and signed in Texas, and Plaintiff inspected and accepted the vehicles subject to the Agreement in Texas. However, Plaintiff asserts that it reviewed and signed the Agreement from its location in Kansas, where it resides. Where "Plaintiff's citizenship and location were known to Defendant at the time the parties entered into a contract, the action's connection to [Plaintiff's] district is not immaterial or insignificant."[19] Nonetheless, the Court gives reduced deference to this factor because it is disputed whether the events giving rise to the breach of the Agreement occurred in Kansas.

---

[17] *Id.* at 1167.

[18] *Id.* at 1168 (internal quotation marks and citation omitted).

[19] *Morrison Constr. Co. v. BluRock Concrete, LLC*, 380 F. Supp. 3d 1155, 1161 (N.D. Okla. 2019).

### b. Accessibility of Witnesses and Sources of Proof

Witness convenience is the most important factor under a § 1404(a) analysis.[20] To establish inconvenience, "the movant must (1) identify the witnesses and their locations; (2) indicate the quality or materiality of their testimony; and (3) show that any such witnesses were unwilling to come to trial . . . [,] that deposition testimony would be unsatisfactory[,] or that the use of compulsory process would be necessary."[21]

Here, Defendant alleges that key witnesses, including unnamed non-party inspectors, mechanics, and certain current and former employees, are located in Texas and may be unwilling or unable to take time off or travel to testify. However, Defendant does not disclose the substance or materiality of these witnesses, that they are unwilling to attend trial in Kansas, that deposition testimony will be unsatisfactory, or that compulsory process would be necessary. Defendant further argues that it would be more convenient for a Texas court to visit Defendant's trucking lot than it would be for this Court, but offers no explanation why a Court or jury in a breach of contract case would need to visit the site of one of the contracting parties' locations.

Plaintiff responds that its owner, employees, witnesses, documents, and records are located in Kansas. As courts in this district have recognized, even "[t]he fact that most witnesses live outside of Kansas does not weigh heavily when establishing that a forum is inconvenient in the modern age."[22] By transferring this case, any inconvenience and expense avoided by Defendant and its Texas witnesses would merely transfer to Plaintiff and its witnesses.

---

[20] *Bartile*, 618 F.3d at 1169.

[21] *Id.* (quoting *Scheidt v. Klein*, 956 F.2d 963, 966 (10th Cir. 1992) (internal quotations and alterations omitted)).

[22] *All Brands Distrib., LLC v. Vital Pharms., Inc.*, No. 18-cv-1354-EFM, 2019 WL 4958205, at *2 (D. Kan. Oct. 8, 2019) (quoting *McRae v. Tautachrome, Inc.*, No. 17-cv-1260-EFM, 2018 WL 3068112, at *6 (D. Kan. June 21, 2018)).

"Furthermore, modern transportation and communications technology have significantly decreased the difficulties and burdens associated with interstate travel."[23] On balance, convenience and accessibility of witnesses and other evidence is a neutral factor.

### c. Cost of Making Necessary Proof

Defendant alleges that "substantially all, if not all, of the non-party witnesses ae located in Texas" and trying the case in Texas would therefore "save costs for both parties."[24] Defendant does not justify or support its conclusory statement with any specifics and, as Plaintiff points out, there are also witnesses located outside of Texas. As such, this factor is neutral "because the record contains no evidence concerning the potential costs of litigating" in Kansas.[25]

### d. Advantage of Having Local Court Determine Questions of Local Law

"When the merits of an action are unique to a particular locale, courts favor adjudication by a court sitting in that locale."[26] However, this case involves the breach of an Agreement under the Uniform Commercial Code, which has been adopted in both Kansas and Texas.[27] Federal courts recognize that they are qualified to apply other states' law.[28] Defendant does not cite any local applicable law unique to Texas or identify any disadvantage to having a Kansas

---

[23] *Id.* (quoting *Cargill Meat Sols. Corp. v. Premium Beef Feeders, Inc.*, No. 13-CV-1168-EFM, 2014 WL 172197, at *6 (D. Kan. 2014)).

[24] Doc. 19 at 6–7.

[25] *Bartile*, 618 F.3d at 1169.

[26] *Id.* at 1170.

[27] *See* K.S.A. § 84-2-101 (Kansas Uniform Commercial Code); Tx. Bus. & Com. Code Ann. § 2.101 (Texas Uniform Commercial Code).

[28] *Bartile*, 618 F.3d at 1169 (citing *Scheidt v. Klein*, 956 F.2d 963, 966 (10th Cir. 1992)).

court determine the issues in this case due to any difference between Kansas and Texas state law. This factor is neutral.

### e. Remaining Factors

The remaining factors are either neutral or not applicable. Defendant "has not identified any obstacles to a fair trial" in Kansas.[29] Nor does it suggest that Plaintiff could not enforce a judgment against Defendant acquired from the District of Kansas.[30] And finally, Defendant presents no indication that congestion of the dockets weighs against transfer. "When evaluating the administrative difficulties of court congestion, the most relevant statistics are the median time from filing to disposition, median time from filing to trial, pending cases per judge, and average weighted filings per judge."[31] Based on the most recently available data, the District of Kansas is substantially less congested on these statistics, except for the median time from filing to disposition, which is relatively close.[32]

Taken together, as they apply here, the factors result in a relatively close call. But the governing standard requires the factors to "strongly favor" transfer of venue, and Defendant has not sustained its burden.[33] Exercising the discretion afforded by § 1404(a), the Court concludes that neither the convenience of the parties nor the interest of justice would be better served by transferring the case to the Western District of Texas. Defendant's motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Jaber Leasing, LLC's Motion to Transfer (Doc. 19) is **denied**.

---

[29] *Id.* at 1170.

[30] See id.

[31] *Id.* at 1169 (citations omitted).

[32] *See* United States Courts, *Federal Court Management Statistics*, December 2022 (last updated December 31, 2022), https://www.uscourts.gov/statistics-reports/federal-court-management-statistics-december-2022.

[33] *Bartile*, 618 F.3d at 1167 n.13.

8

**IT IS SO ORDERED.**

<u>Dated: May 5, 2023</u>

<u>S/ Julie A. Robinson</u><br>
JULIE A. ROBINSON<br>
UNITED STATES DISTRICT JUDGE